UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| RYAN JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 1486 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff demonstrates that, in the United States District Court for the Middle District of Georgia, he was found guilty of five criminal offenses and was sentenced to a term of 270 months' incarceration. *See* Compl., Attach. (Judgment in a Criminal Case, Case No. CR 93-22-MAC(DF)) at 2. He brings this "Independent Action" to vacate the Civil JUDGMENT IN A CRIMINAL CASE," *see* Compl. at 1, on the ground that the sentencing court lacked subject matter jurisdiction over the criminal proceedings.

Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction can both be raised by a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Because a motion under Fed. R. Civ. P. 60(b) is not the proper means by which to challenge a federal conviction and sentence, this civil action will be dismissed. *See, e.g., Hughley v. Dewalt*, No. 04-5013, 2004 WL 1749188, at *1 (D.C. Cir. Aug. 4, 2004) (per curiam) (affirming dismissal of district court's denial of Rule 60(b) motion because "appellant must challenge any conviction from the District Court for the Eastern District of Tennessee through a § 2255 motion filed in that court"); *Nailor v. United States*, No. 03-5298, 2004 WL 1078133, *1 (D.C. Cir. May 13, 2004) (per curiam) (finding no abuse of discretion in district court's denying the Rule 60(b) motion because "appellant must challenge his criminal conviction through a motion to vacate his sentence filed in the sentencing court under 28 U.S.C. § 2255"); *Espino-Rangel v. United States*, No. 08-0600 (ESH), 2008 WL 1844150, at *1 (D.D.C. Apr. 22, 2008) (dismissing an "Independent Action" filed under Fed. R. Civ. P. 60(b)(4) seeking to vacate the criminal judgment on the erroneous belief that the sentencing court lacked subject-matter jurisdiction). An Order consistent with this Memorandum will be issued separately on this same date.

/s/
_____
United States District Judge

Date: 8/5/08